UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

| | |
|---|---|
| JAMES S. JUMPING EAGLE,<br><br>Plaintiff,<br><br>vs.<br><br>ROB YANTIS, Pennington County Jail Commander, in his individual and official capacities; PENNINGTON COUNTY JAIL NURSES N/F/U, in their individual and official capacities; PENNINGTON COUNTY JAIL NURSES L/N/U, in their individual and official capacities; JOHN DOES 1 THROUGH 10, in their individual and official capacities; AND UNITED STATES MARSHALS, in their individual and official capacities;<br><br>Defendants. | CIV. 20-5017-JLV<br><br>ORDER |

## INTRODUCTION

Plaintiff James S. Jumping Eagle, appearing *pro se*, filed this civil rights action under 42 U.S.C. § 1983. (Docket 1). Plaintiff was incarcerated at the Pennington County Jail ("the Jail") in Rapid City, South Dakota, when he filed suit. Id. He alleges defendants were deliberately indifferent to his medical needs. Id. Plaintiff also moved to proceed *in forma pauperis* and filed a prisoner trust account report to support his allegations of indigency. (Dockets

2 & 3). For the reasons below, the court grants plaintiff pauper status and dismisses his complaint in the *pro se* screening process.

I. ***In Forma Pauperis* Status**

Plaintiff's motion to proceed *in forma pauperis* includes an affidavit attesting to his indigency. (Docket 2). He alleges he is presently unemployed due to his incarceration and has no assets. Id. The court finds plaintiff is indigent and grants him leave to proceed *in forma pauperis*.

The Prison Litigation Reform Act ("PLRA"), 28 U.S.C. § 1915, requires prisoners seeking to proceed *in forma pauperis* to make an initial partial filing fee payment when possible. Determination of the partial filing fee is calculated according to 28 U.S.C. § 1915(b)(1), which requires a payment of 20 percent of the greater of:

    (A)    the average monthly deposits to the prisoner's account; or

    (B)    the average monthly balance in the prisoner's account for the 6-month period immediately preceding the filing of the complaint or notice of appeal.

In support of his motion, plaintiff provided a copy of his prisoner trust account report signed by an authorized jail official. (Docket 3). The report shows an average monthly deposit for the past six months of $330.70, an average monthly balance for the past six months of $129.47, and a current balance of $0.28. Id. The court finds plaintiff must make an initial partial filing fee of $66.14, which is 20 percent of the average monthly deposits in his prisoner trust account. This fee must be paid by **May 13, 2020**.

To pay the full filing fee as required by law, plaintiff must "make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account." 28 U.S.C. § 1915(b)(2). The statute places the burden on plaintiff's institution to collect the additional monthly payments and forward them to the court as follows:

> After payment of the initial partial filing fee, the prisoner shall be required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. The agency having custody of the prisoner shall forward payments from the prisoner's account to the clerk of the court each time the amount in the account exceeds $10 until the filing fees are paid.

28 U.S.C. § 1915(b)(2). The Clerk of Court will send a copy of this order to the appropriate financial official at plaintiff's institution. Plaintiff will remain responsible for the entire filing fee as long as he is a prisoner, even if the case is dismissed. See In re Tyler, 110 F.3d 528, 529-30 (8th Cir. 1997).

## II. Prisoner Complaint Screening

### A. Legal standard

Under 28 U.S.C. § 1915A, the court must review a prisoner complaint and identify cognizable claims or dismiss the complaint if it is frivolous, malicious, or fails to state a claim upon which relief may be granted. This screening process "applies to all civil complaints filed by [a] prisoner[], regardless of payment of [the] filing fee." Lewis v. Estes, 242 F.3d 375 at *1 (8th Cir. 2000) (unpublished) (citing Carr v. Dvorin, 171 F.3d 115, 116 (2d Cir. 1999)). During this initial screening process, the court must dismiss the complaint in part or full if the complaint is "frivolous, malicious, or fails to

3

state a claim upon which relief may be granted" or "seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b).

### B. Facts

This is not plaintiff's first suit alleging the jail was deliberately indifferent to his medical needs. In 2019, plaintiff filed a suit naming the same defendants and alleging the same harms.[1] Jumping Eagle v. Yantis, CIV. 19-5015, 2020 WL 730358 (D.S.D. Feb. 13, 2020). The court appointed counsel for plaintiff in that case, but he chose to discharge his able attorney. Id. at *1. The court found defendant failed to exhaust his administrative remedies and granted a defense motion to dismiss. Id. at *3.

The facts alleged in both complaints are largely the same. Plaintiff was beaten in the summer of 2018. Id. at *2. He underwent surgery. Id. He was arrested in January of 2019 for a supervised release violation. Docket 1 at p. 7; see also United States v. Jumping Eagle, CR. 11-50017 (Docket 38) (D.S.D. Jan. 4, 2019) (initial appearance on petition to revoke supervised release). On January 10 or 11, a metal screw emerged from plaintiff's shoulder. (Docket 1 at p. 7). He was not taken to the hospital until February 20 or 21. Id. at p. 8; Jumping Eagle, 2020 WL 730358 at *2.

---

[1]Plaintiff added the United States Marshals as defendants in this case. (Docket 1 at p. 4). The United States Marshals Service ("USMS") is a federal agency which cannot be sued without a waiver of sovereign immunity. See Laswell v. Brown, 683 F.2d 261, 268 (8th Cir. 1982) ("The United States and its agencies are not proper defendants because of sovereign immunity."). As a federal agency, the USMS also does not act under color of state law for purposes of a § 1983 suit.

4

In his previous case, the court found plaintiff never filed a grievance related to his medical issues, as required by Jail policy. Jumping Eagle, 2020 WL 730358 at *2. Plaintiff now alleges he was never informed he had to file a grievance to exhaust his administrative remedies. The Jail never gave him an inmate handbook, which explains the grievance process, because "they were all out[.]" (Docket 1 at p. 6).

**C.   Analysis**

Plaintiff's complaint is barred by the doctrine of *res judicata*, also known as claim preclusion. Where, as here, the prior judgment was based on federal law, federal claim preclusion rules govern.

> Under federal common law, the doctrine of *res judicata*, or claim preclusion, applies when (1) the first suit resulted in a final judgment on the merits; (2) the first suit was based on proper jurisdiction; (3) both suits involve the same parties (or those in privity with them); and (4) both suits are based upon the same claims or causes of action. Whether two claims are the same for *res judicata* purposes depends on whether the claims arise out of the same nucleus of operative fact or are based upon the same factual predicate. Under the doctrine of *res judicata*, a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action.

Elbert v. Carter, 903 F.3d 779, 782 (8th Cir. 2018) (internal quotations, citations and alterations omitted).

The court dismissed plaintiff's prior lawsuit raising the same claims he now attempts to bring again. The court found plaintiff failed to comply with the PLRA's administrative exhaustion requirement. Jumping Eagle, 2020 WL 730358 at *3; see also 42 U.S.C. § 1997e(a). The dismissal was final, on the merits and based on proper jurisdiction. Elbert, 903 F.3d at 782. Plaintiff's

5

present complaint involves the same parties—with the exception of the USMS, discussed above—and concerns the same factual underpinnings. Id. Claim preclusion applies and plaintiff cannot again raise claims the court previously considered and rejected.

Plaintiff's new attempt to explain his failure to comply with the exhaustion requirement is also barred. Plaintiff cannot "relitigat[e] issues that were or *could have been raised*" in his prior litigation. Id. (emphasis added). Plaintiff could have argued he did not know about the Jail's grievance procedures in his first case. Because he failed to raise this argument in his first case, it is now barred.[2]

The court dismisses plaintiff's complaint for failure to state a claim upon which relief can be granted. 28 U.S.C. §§ 1915(e)(2)(B)(ii), 1915A(b)(1).

**ORDER**

For the reasons given above, it is

ORDERED that plaintiff's motion for leave to proceed *in forma pauperis* (Docket 2) is granted.

IT IS FURTHER ORDERED that plaintiff's complaint is dismissed pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) & 1915A(b)(1).

IT IS FURTHER ORDERED that plaintiff must pay an initial partial filing fee of $66.14 to the Clerk of Court for the United States District Court for the District of South Dakota by **May 13, 2020**.

---

[2] Plaintiff refused to respond to defendants' motion to dismiss based on failure to exhaust, despite the court twice extending his response deadline. Jumping Eagle, 2020 WL 730358 at *1.

6

IT IS FURTHER ORDERED that the institution having custody of plaintiff is hereby directed that, whenever the amount in his trust account exceeds $10, monthly payments that equal 20 percent of the funds credited to the account the preceding month shall be forwarded to the Clerk of Court pursuant to 28 U.S.C. § 1915(b)(2) until the filing fee of $400 is paid in full.

Dated April 9, 2020.

BY THE COURT:

/s/ *Jeffrey L. Viken*
JEFFREY L. VIKEN
UNITED STATES DISTRICT JUDGE